*FH3LD, J.,
delivered the opinion of the Court.
[After making the slatement prefixed to this report, he proceeded.]
In his petition for a Writ of Error, the prisoner coni ends, that the Superior Court of Law should have quashed each count in the Indictment for the reasons there assigned; and should have quashed the third count for the additional reason oí its not appearing upon its face to have been upon the oath of the Grand Jury. He also contends, that the single bill should have been excluded from the Jury, for the reason assigned in the Bill of Exceptions.
The Court has attentively and maturely *870 examined and considered the transcript of the Record in this case, and the written argument of Counsel in tbe Country, 'Sled in support of the petition, and is of opinion that there is no error in the Record. It is an established general rule, that where an Indictment, as this does, charges an offence.in the words of the Statute creating the offence, the Indictment as to the description of the fact, is good. In Arch-bold’s Criminal Pleading, p. 188, and in Chitty’s Crim. Law, vol. 3, p. 1,049, may be found the form of an Indictment upon the English Statute of Forgery of 52 Geo. 3, ch. 138, which our Statute on the same subject resembles. It charges, that the prisoner “feloniously did falsely make, forge and counterfeit, and did cause, and procure to be falsely made, forged and counterfeited, and did willingly act and assist in the false making, forging, and counterfeiting, &c.-with which form, the Indictment in this case corresponds.
The only seeming difficulty upon this point, arose from the Act of Assembly in relation to Courts of Examination, which secures to the prisoner the right of being examined, upon a charge of felony, by a Court of Examination, composed of five or more of the Justices of the County Court, before he shall be indicted and tried for the alleged crime in the Superior . Court of Law. The first count of the ^Indictment in this case, charges inter alia, that the prisoner caused, and procured the forgery to be committed. In the Court of Examination, he was charged with having “feloniously forged, counterfeited, and passed,” the single bill in question, which the prisoner contends, does not embrace the accessorial offence of causing and procuring a forgery to be committed by another person. If it were conceded that the charge which was made against the prisoner before the Court of Examination, and upon which he was examined, is not sufficiently comprehensive to embrace a case of accessorial guilt, properly so called, as where one man, being himself absent at the time, causes and procures another to make a forged writing, which at Common Law would constitute the absent procurer an accessory before the fact, still there would be no weight in this objection. The “causing and procuring,” charged in the Indictment, contemplates a causing and procuring the forgery to be committed by some other person in the presence of the prisoner, which would render him a principal felon in the second degree, and consequently proof of accessorial guilt could not have been received upon the trial.
In looking into the Record of a trial before a Court of Examination, to see for what offence a prisoner has been examined, the Court should regard the substance of the offence, and not the manner in which it may have been perpetrated; nor should the offence be required tobe described rhere with technical precision. The offence charged against the prisoner, and which was examined into by the Court of Examination, was forgery. Whether that offence was committed by the prisoner alone with his own hands; whether he caused and pro-1 cured it to be done by another, or acted and assisted in the commission of the fact, were incidental enquiries. And whatever may have been the proof relative to the main charge of forgery, it was the duty of the Examining Court, if they thought the prisoner ought not to be discharged from further prosecution, to send him on for further trial in the Superior .Court of Law. ^without undertaking to discriminate as to the grade of the offence, or to designate the mode in which it had been committed. Upon these principles, the Court of Examination acted in this case; and it was competent for the Prosecuting Attorney to prefer against the prisoner such an Indictment as has been found.
As to the objection taken to the third count, of its not appearing on the face of it to have been found upon the oath of the Grand Jury, that difficulty is obviated by the fact of the Grand Jury’s having been actually sworn in open Court, before the Indictment was found, as appears from the transcript of the Record filed with the petition ; and therefore, the whole Indictment' must necessarily have been found upon the oath of the Grand Jury.
The only remaining objection to be considered, is that w-hich arises from the Bill of Exceptions. If the single bill therein mentioned, were in its original form a forged writing, it did not cease to be so, by the alteration in the date of the year, as mentioned in the Bill of Exceptions. And if it were in either shape a- forged writing, as it corresponded in tenor and effect with the single bill described and set forth in each count of the Indictment, there was no cause shown for excluding it from the Jury. The Writ of Error is refused.